**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOSE MOLINELLI-FREYTES, et al,

Plaintiffs,

v.                                              Civil No.:09-1655(DRD)

UNIVERSITY OF PUERTO RICO, et al,

Defendants

<u>**OPINION AND ORDER**</u>

José Molinelli-Freytes ("Molinelli") and Lillian Bird-Canals ("Bird") (collectively, "Plaintiffs") brought suit against the University of Puerto Rico ("UPR"), the Puerto Rico Council on Higher Education ("CHE"), past and present UPR and CHE officers, the UPR trustees, and other allegedly responsible individuals, for copyright infringement under the Copyright Act of 1976 ("the Copyright Act"), 17 U.S.C. §§ 101 *et seq.*[1]  Plaintiffs assert that they created an original manuscript (the "Proposal") during non-working hours while employed as a professor and program director at UPR.  Plaintiffs aver that UPR has used the Proposal improperly in order to create a new graduate program based upon the contents of the Proposal in violation of the Copyright Act.  Plaintiffs further contend that CHE authorized the creation and implementation of this program in violation of the Copyright Act.

---

[1] The Court previously dismissed Plaintiffs' §1983 claims and unjust enrichment claims as well as claims under the Puerto Rico Intellectual Property Act, 31 L.P.R.A. §§ 1401 *et seq.* (Docket Nos. 151, 294 and 318).

## I. RELEVANT FACTUAL & PROCEDURAL HISTORY

Rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*.[2]

The Court referred the three pending motions for summary judgment (Docket Nos. 336, 339 and 341)[3] to Magistrate Judge Bruce J. McGiverin on September 7, 2011 (Docket No. 343), and he entered his *Report and Recommendation* (Docket No. 409) on February 15, 2012.  In his *Report and Recommendation*, the Magistrate recommended that the motions for summary judgment be granted as the Magistrate was of the opinion that Plaintiffs failed to establish an issue of material fact of copyright infringement.  Specifically, the Magistrate recommended that Plaintiffs' motion to reinstate their previously dismissed procedural due process claims regarding the UPR administrative proceedings be denied as Plaintiffs have failed to present new facts or evidence that address "the court's finding that the availability of interlocutory review in Puerto Rico courts precludes application of the *Gibson* exception to *Younger*

---

[2]Plaintiffs object to three of Magistrate Judge McGiverin's findings of fact which will be addressed infra.

[3]The members of the CHE, including former Interim Executive Director David Baez (collectively, "CHE Defendants") moved for summary judgment on September 6, 2011 (Docket No. 336).  UPR President Miguel Muñoz, UPR Chancellor Ana Guadalupe, Faculty of Natural Sciences Dean Brad Weiner and Environmental Sciences Program Director Rafael Ríos in their official capacities (collectively, "UPR Defendants") moved for summary judgment on the same date (Docket No. 339).  Similarly, the members of UPR's Board of Trustees also moved for summary judgment on even date (Docket No. 341).

abstention." (Docket No. 409, page 10).

Regarding the CHE Defendants, Magistrate Judge McGiverin determined that Plaintiffs' case against them is not moot and that the evidence presented is insufficient to determine whether there was a knowing and voluntary waiver or release. The Magistrate Judge also determined that there was a dearth of evidence to support a finding of infringement by the CHE Defendants.

The Magistrate Judge additionally ascertained that "the uncontested facts do not resolve whether there is sufficient privity among each of the defendants and UPR, so a finding that UPR would be entitled to judgment on preclusion grounds would not necessarily dispose of the case."[4] (Docket No. 409, page 17).

As to whether UPR holds the Proposal's copyright as a work for hire, the Magistrate Judge first concluded that Plaintiffs' copyright certificate does not enjoy *prima facie* evidentiary weight because the certificate was made more than five years after the stated date of publication; therefore, the Magistrate concluded that it fails as *prima facie* evidence under 17 U.S.C. §410(c). *See*

---

[4]On February 23, 2012, UPR Defendants filed a limited objection to this finding of the Magistrate Judge's *Report and Recommendation* (Docket No. 411). UPR Defendants filed this limited objection "solely for the purposes of preserving [the preclusion argument] before this Court and the Court of Appeals for the First Circuit, if need be." (Docket No. 411, page 6). The Court notes UPR Defendants's objection, but does not further address this contention as the *Report and Recommendation,* and the instant *Opinion and Order* adopting the *Report and Recommendation*, resolves UPR Defendants' pending motion for summary judgment favorably to the UPR Defendants on other grounds. Thus, any further analysis of the preclusion argument is rendered merely academic at this juncture.

The Court additionally clarifies that this argument is properly developed and, accordingly, does not fall under the aegis of an underdeveloped, and thus waived, argument pursuant to United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

17 U.S.C. §410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

Second, Magistrate Judge McGiverin resolved that the drafting of the Proposal was within the scope of Plaintiffs' employment as all three of the Second Restatement's elements were met.[5]   The Magistrate determined that there was no evidence which a reasonable jury could find that creating degree programs was not the kind of work Plaintiffs were employed to perform; that UPR did not authorize Plaintiffs to work from home or on weekends or holidays; that there is uncontroverted evidence that Plaintiffs intended to advance UPR's interests with the Proposal by specifically targeting the UPR Río Piedras and that Plaintiffs designed the Proposal with the intent to submit it to the UPR and CHE approval process and that Plaintiff so submitted the Proposal.   Thus, the Magistrate opined that the Proposal was within Plaintiffs' scope of employment and that the work for hire doctrine vests the copyrights with UPR.

Third, Magistrate Judge McGiverin ascertained UPR's intellectual property policy (the "IP policy") does not alter the ownership of the Proposal even assuming that the Proposal was

_____

[5]"To fall within the scope of employment, an employee's conduct must (1) be 'of the kind [the employee] is employed to perform'; (2) occur 'substantially within authorized time and space limits'; and (3) be 'actuated, at least in part, by a purpose to serve the master.'" (Docket No. 409, page 19, citing the Restatement (Second) of Agency § 228).

created under the work for hire doctrine.  Under 17 U.S.C. 201(b), the authorship of a work for hire may be altered by an express written agreement signed by both parties.  Here, the Magistrate determined that there is no evidence of any signed agreement between Plaintiffs and UPR nor evidence to infer the existence of such an agreement.  Thus, the Magistrate Judge recommended that the IP Policy does not alter the work for hire determination pursuant to 17 U.S.C. 201(b).

Finally, the Magistrate Judge concluded that Plaintiffs' last contention that Defendants lack standing to challenge Plaintiffs' authorship of the Proposal is without merit as "the plaintiffs have not set forth any substantial argument for why the defendants should not be allowed to challenge their authorship, and because no such general rule would apply even if it exists, defendants are entitled to summary judgment." (Docket No. 409, page 26).

On February 23, 2012, Plaintiffs objected to the Magistrate Judge's *Report and Recommendation* (Docket No. 410).  Therein, Plaintiffs made three objections to the Magistrate's findings of fact: (1) "[t]he General Regulations charge faculties with the duty to propose new academic programs;" (2) "[t]he proposal is specific to the UPR Río Piedras Campus;" (3) "Plaintiffs were aware of this process, and that the reviewers could ***demand*** that certain changes be made as a condition for approval."  (Docket No. 410, pages 3-4)(emphasis in the original).

Plaintiffs also challenge the Magistrate's determination that the copyright certificate does not enjoy *prima facie* evidentiary weight. Plaintiffs assert that they initially erroneously wrote the date in which they submitted the original Proposal to Brad Weiner as the date of publication and that the original Proposal has, in fact, never been published.

Plaintiffs also argue that the Magistrate Judge incorrectly advised that the creation of the Proposal was within Plaintiffs' scope of employment. Specifically, Plaintiffs argue that there is no written agreement between Plaintiffs and UPR describing their duties and the ordinary duties of a professor and a program director do not include designing and creating a new program of study. Plaintiffs also advance that they had other full time obligations and that the creation of the Proposal was not done with any guidance from UPR nor were they granted release time or extra compensation for drafting the Proposal which is customary for UPR when a project exceeds 37.5 hours per week. Plaintiffs also posit that a professor's and a program director's flexible schedule does not mean that specific work that was preformed during vacation time and weekends was within "authorized time and space limits."

Plaintiffs further contend that the Magistrate erred by not including in his analysis the right of the employer to direct and supervise the manner in which the specific work at issue was preformed. Plaintiffs invite the Court to analyze the first two elements, the hiring party's right to control the manner and means

-6-

by which the product is accomplished and (2) the skill required, from Ulloa v. Universal Music & Video Distrib. Corp., 303 F. Supp. 2d 409, 414-415 (S.D.N.Y. 2004).

Finally, Plaintiffs find fault with the Magistrate's conclusion that the IP Policy does not constitute a valid transfer of ownership under the Copyright Act as the IP policy fulfills as the requisite requirements.

On March 5, 2012, UPR Defendants responded to Plaintiffs' objections to the Magistrate's *Report and Recommendation* (Docket No. 418). UPR Defendants advance, *inter alia*, that Plaintiffs' three alleged factual errors of the Magistrate should not be considered as Plaintiffs failed to admit, qualify or deny UPR Defendants' Statement of Uncontested Material Facts and that Plaintiffs failed to cite to any evidence in the record supporting their contentions. Additionally, UPR Defendants assert that "[a]llowing the Plaintiffs to include new arguments or new evidence at this point would defeat the purpose of the Magistrate's Act [as Magistrate Judge McGiverin already relied on UPR Defendants' Statement of Uncontested Material Facts when rendering his *Report and Recommendation*] and would [therefore] result in a colossal waste of judicial resources." (Docket No. 418, page 4).

Relating to the Plaintiffs' objections as to the ownership of the Proposal, UPR Defendants argue that the Court should not consider Plaintiffs' "newly" discovered second certificate of

registration as Plaintiffs had not previously put forth this certificate even though it was obviously available to them. Furthermore, UPR Defendants advance that "because Plaintiffs failed to make any developed argument as to the weight to be given the Certificate of Registration, [the Magistrate did] not apply any burden shifting analysis. This in and of itself forecloses the argument that Plaintiffs are now attempting at the objections phase." (Docket No. 418, page 9). Yet, even were the Court to entertain Plaintiffs' objection and find that the second certificate of registration constituted *prima facie* evidence of ownership, that argument is unavailing for Plaintiffs as UPR Defendants "have amply demonstrated that Plaintiffs have no valid copyright over the Proposal because the copyright owner is the U.P.R." Id.

UPR Defendants further aver that creating a new academic program is similar to the kind of work that a professor and program director would perform and that it is within the ultimate objective goal of UPR; hence, it is within the scope of Plaintiffs' employment. Further, UPR Defendants note that Molinelli was provided release time for the performance of his academic-administrative duties and was paid an additional sum for performing these duties. Finally, UPR Defendants posit that UPR's IP policy does not support Plaintiffs' contention that UPR transferred ownership of the Proposal as the IP Policy is not a writing signed by both parties.

On July 11, 2012, the Court held a hearing on the pending motions for summary judgment and the Magistrate Judge's *Report and Recommendation* (Docket No. 438).

## II. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  *See also* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); *see also* Matthews v. Weber, 423 U.S. 261, 96 S.Ct. 549 (1976).  An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b).  Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985).  Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal."

Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); *see also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also* Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also* Borden v. Sec. of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See* Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also* Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also* Nogueras-Cartagena v. United States, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was

clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *see also* <u>Garcia v. I.N.S.</u>, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Plaintiffs have filed objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 410). Thus, the Court reviews the portions of the *Report and Recommendation* to which objections were made *de novo* and reviews all other unobjected-to portions only for plain error.

### III. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." <u>Veda-Rodriguez v. Puerto Rico</u>, 110 F.3d 174, 179 (1st Cir. 1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact

is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence.  <u>Id.</u>   Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  <u>Id.</u>

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts."  <u>Cortes-Irizarry v. Corporacion Insular</u>, 11 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor.  Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment."  <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 959-60 (1st Cir. 1997).[6]  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  <u>Reeves v. Sanderson Plumbing Prod.</u>, 530 U.S. 133, 150 (2000)(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)).  Summary judgment is inappropriate where there are issues of motive and intent as related to material

---

[6]Whether a motion is formally opposed or unopposed, the Court is still obligated to resolve the motion on the merits.  *See* <u>Cordi-Allen v. Halloran</u>, 470 F.3d 25, 28 (1st Cir. 2006)(noting that a district court is bound to a review an unopposed motion for summary judgment on the merits).

facts.  *See* <u>Poller v. Columbia Broad. Sys.</u>, 369 U.S. 470, 473, 82 S.Ct. 486 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also* <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982)("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also* <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent . . . are questions better suited for the jury").  "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues."  <u>Rodríguez v. Municipality of San Juan</u>, 659 F.3d 168, 178-179 (1st Cir. 2011)(internal quotations and citations omitted).  Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 85 F.3d 86, 95 (1st Cir. 1996).  However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture."  <u>Vera v. McHugh</u>, 622 F.3d 17, 26 (1st Cir. 2010)(internal quotations and citation omitted).  Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative."

<u>Tropigas De P.R. v. Certain Underwriters at Lloyd's of London</u>, 637 F.3d 53, 56 (1st Cir. 2011)(internal citations omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that do not properly provide specific reference to the record. *See* D.P.R. CIV. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment.  The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also* <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001)(finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").[7]

## IV. ANALYSIS

When analyzing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party, in this case Plaintiffs. *See* <u>Vera v. McHugh</u>, 622 F.3d 17, 26 (1st Cir. 2010)*; see also* <u>Agusty-Reyes v. Dept. of Edu.</u>, 601 F.3d 45, 48

---

[7]D.P.R. CIV. R. 56(b), often referred to as the anti-ferret rule, requires the party moving for summary judgment to submit a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, a s to which the moving party contends there is no genuine issue of material fact."  Similarly, the non-moving party is required to submit a counter-statement "admit[ing], deny[ing] or qualify[ing] the facts by reference to each numbered paragraph in the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by record citation."  D.P.R. CIV. R. 56(c).

(1st Cir. 2010); *see also* <u>Cadle Co. V, Hayes</u>, 116 F.3d 957, 959-60 (1st Cir. 1997). However, the Court will not "draw unreasonable inferences or credit bald assertions, empty conclusions, [or] rank conjecture." <u>Caban-Hernandez v. Philip Morris USA, Inc.</u>, 486 F.3d 1, 8 (1st Cir. 2007) (emphasis in original). Similarly, "summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." <u>Ayala-Gerena</u>, 95 F.3d at 95 (internal quotations omitted).

Furthermore, the Court will not consider hearsay statements nor allegations presented by parties that do not properly provide specific reference to the record. *See* <u>Hannon v. Beard</u>, 645 F.3d 45, 49 (1st Cir. 2011) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted.") (internal quotation marks omitted); <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."); FED. R. CIV. P. 56(e)("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also* <u>Morales</u>, 246 F.3d at 33 (finding that, where a party fails to buttress factual issues with proper record citations, judgment

against that party may be appropriate).  Keeping these limitations firmly in mind, the Court proceeds with its analysis.

## A. Factual Objections

As stated previously, Plaintiffs made three objections to the Magistrate's findings of fact: (1) "[t]he General Regulations charge faculties with the duty to propose new academic programs;" (2) "[t]he proposal is specific to the UPR Río Piedras Campus;" (3) "Plaintiffs were aware of this process, and that the reviewers could ***demand*** that certain changes be made as a condition for approval."  (Docket No. 410, pages 3-4)(emphasis in the original).

These facts are properly drawn from UPR Defendants' Statement of Uncontested Facts (Docket No. 340), which are properly supported by the evidence.  Plaintiffs did not deny or qualify these facts in any manner.  Pursuant to Local Rule 56, an opposing statement of material facts "shall admit, deny or qualify the facts supporting the motion for summary judgment." D.P.R. 56(c).  "Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule."  Id. Local Rule 56(e) requires record citations in a "statement of material facts" to be cited to "the specific page or paragraph of identified record material supporting the assertion." L.Cv.R. 56(e) (D.P.R. 2010). "The court may disregard any statement of fact not supported by a specific citation." Id. "The purpose of this rule is to relieve the district court of any responsibility to ferret

through the record to discern whether any material fact is genuinely in dispute." CMI Capital Mkt. Inv., LLC v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir. 2008). When a party fails to oppose a supporting or opposing statement of material facts, as Plaintiffs did for the three facts at issue, the Court shall deem the facts as admitted. *See* D.P.R. Civ. R. 56(e). "[Parties ignore [Local Rule 56] at their own peril," and that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Plaintiffs' failure to properly deny or qualify these facts, much less provide specific record citations, ends our inquiry.

However, temporarily setting aside the procedural requirements of Local Rule 56, for the sake of completeness, we also find that these objections are without merit. As to the first fact in controversy, Plaintiffs assert that "none of the regulation specifically describe the duty of creating and developing new academic programs, but rather 'participate in planning' which is something quite different." (Docket No. 410, page 3). Plaintiffs also point out that "defendant Escalona de Motta herself conceded that new programs are usually developed by committees, not by individuals as was the instant case." (Docket No. 410, pages 3-4). While the Court appreciates the difference between a duty to participate in planning and an affirmative duty to create, as well

-17-

as defendant Escalona de Motta's testimony, these facts were available to Plaintiffs and not properly placed before Magistrate Judge McGiverin for his *Report and Recommendation*.  To permit a litigant to present some arguments and evidence before the Magistrate Judge and other evidence before the District Court Judge would result in a waste of judicial resources and render the Magistrate's role to be little more than a dress rehearsal.  *See* Paterson Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

As to the second fact, the Court concurs with the Magistrate that the Proposal is specific to the UPR Río Piedras Campus. Plaintiffs' contention that the requirements in Certification 93-113 apply to any program submitted to CHE, without regard for the institution which will implement the program, is baseless. Certification 93-113 (Docket No. 340-8) was issued to amend the entire UPR's Rules and Guidelines.  The Certification references the UPR's Enabling Act and the UPR's internal administrative structure.  The Certification was issued by the CHE in 1993, because CHE was the governing body of the UPR at that time.  There is simply no evidence, or logical reason, to conclude that Certification 93-113 applies to any institution of higher education in Puerto Rico.

Finally, as to the third fact, Plaintiffs argue that "they approved and incorporated only those changes which they deemed acceptable to the proposal." (Docket No. 410, page 4).  However,

-18-

this assertion that Plaintiffs only accepted those changes that they deemed acceptable does not contradict the Magistrate Judge's stated conclusion that Plaintiffs were aware of the review process and that the reviewers could demand that certain changes were made as a condition for approval.  Thus, this final factual objection is equally devoid of substance.

## B. Objections Relating to Copyright Ownership

### *i) Copyright Certificate*

A certificate of copyright made within five years of publication is *prima facie* evidence of a valid copyright pursuant to 17 U.S.C. § 410(c).  However, the Magistrate did not grant Plaintiffs the benefit that their copyright certificate enjoys *prima facie* evidentiary weight as Plaintiffs submitted a certificate of registration for the Proposal which states that the Proposal was first published in 2001 while the certificate was effective in 2007.  As the certificate was made more than five years after the stated date of publication, and as Plaintiffs did not discuss the certificate or argue that it should be given any special evidentiary weight, the Magistrate Judge did not grant Plaintiffs the statutory presumption.

Plaintiffs now advances that there is a second, additional certificate of registration for the Proposal (Docket No. 410-1), which corrects the previous certificate and asserts that there is no date of publication.

Under 28 U.S.C. § 636(b), a district court reviewing a magistrate judge's report and recommendation has discretion whether to receive further evidence:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

28 U.S.C. § 636(b) (emphasis added). Exercising our discretion, the Court hereby declines to consider Plaintiffs' second certificate of registration. *See* <u>Jasty v. Wright Med. Tech., Inc.</u>, 528 F.3d 28, 33-34 (1st Cir. 2008). The second certificate was issued on February of 2009 and was obviously available to Plaintiffs prior to when the Court referred pending motions to the Magistrate Judge and prior to when the Magistrate Judge issued his *Report and Recommendation*. Were the Court to now consider such evidence that was not first presented to the Magistrate Judge prior to him issuing his *Report and Recommendation*, the Court would be allowing the parties to the proceedings before the Magistrate Judge as a "mere dress rehearsal," reserving their critical claims and evidence for the main act before the District Judge. *See* <u>Augusta News Co. v. Hudson News Co.</u>, 269 F.3d 41, 46 n.5 (1st Cir. 2001); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d

985, 991 (1st Cir. 1988)("Systemic efficiencies would be frustrated
and the magistrate's role reduced to that of a mere dress rehearser
if a party were allowed to feint and weave at the initial hearing,
and save its knockout punch for the second round. In addition, it
would be fundamentally unfair to permit a litigant to set its case
in motion before the magistrate, wait to see which way the wind was
blowing, and -- having received an unfavorable recommendation --
shift gears before the district judge."); *see also* <u>Barden v. Sec'y
of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties
must take before the magistrate, 'not only their "best shot" but
all of their shots.'") (quoting <u>Singh v. Superintending Sch. Comm.</u>,
593 F. Supp. 1315, 1318 (D. Me. 1984)).

   At any rate, "[t]he presumption flowing from § 410(c) is not
an insurmountable one, and merely shifts to the defendant the
burden to prove the invalidity of the plaintiff's copyrights."
<u>Masquerade Novelty v. Unique Indus.</u>, 912 F.2d 663, 668 (3d Cir.
1990)(citation omitted).  Thus, even without the benefit of the
presumption, Plaintiffs still have been afforded ample opportunity
to make their case squarely on the merits.

*ii) Scope of Employment*

   Plaintiffs object to the Magistrate Judge's analysis and
ultimate conclusion that drafting the Proposal was within the scope
of Plaintiffs' employment.  The Magistrate Judge stated that
"[t]here is simply no evidence from which a jury could conclude
that creating degree programs was not the kind of work Bird and

-21-

Molinelli were employed to perform" and that "Plaintiffs have not established a genuine issue of material fact as to any element of the work for hire doctrine." (Docket No. 409, pages 20-21).[8]

Plaintiffs argue that creating a new graduate program is not the kind of work that employees in their position traditionally perform.  Plaintiffs note that there is no written agreement between them and UPR describing their duties and that the ordinary duties of a professor and a program director do not include the design and creation of a new program of study.  Further, Plaintiffs argue that they were not given release time from their work obligations, or extra compensation, which is customary when additional projects exceed the 37.5 hours per week.

As to the second element, Plaintiffs object to the Magistrate Judge's conclusion that "plaintiffs provided no evidence . . . from which a jury could conclude that UPR did not authorize them to work from home or on weekends or on holidays."  (Docket No. 409, page 20).  Plaintiffs advance that the fact that a professor's and a program director's schedules are flexible and that they may choose to perform some of their duties off site and at irregular hours, does not automatically entail that the specific work was performed within "authorized time and space limits."  Plaintiffs further posit that UPR has failed to demonstrate that the use of vacation

---

[8] The Magistrate Judge utilized the Restatement (Second) of Agency in his scope of employment analysis. "To fall within the scope of employment, an employee's conduct must (1) be 'of the kind [the employee] is employed to perform'; (2) occur "substantially within authorized time and space limits'; and (3) be 'actuated, at least in part, by a purpose to serve the master.' See Restatement (Second) of Agency § 228." (Docket No. 409, page 19).

time in the development of the Proposal was "authorized" by UPR. Therefore, Plaintiffs assert that a jury could conclude that the vacation time spent in research and drafting of the Proposal occurred outside of "authorized" time.

The Court agrees with the Magistrate, upon conducting its own *de novo* review, that the work for hire doctrine is applicable and vests ownership of the Proposal in UPR and that Plaintiffs have not demonstrated a genuine issue of material fact as to any element of the work for hire doctrine. We agree with the Magistrate Judge that the creation of the Proposal was "of the kind" of work that Plaintiffs were employed to perform. *See* <u>Avtec Sys. v. Peiffer</u>, 21 F.3d 568, 571 (4th Cir. 1994). The drafting of a proposal for a new academic program, and thereby improving upon the educational content and offerings of UPR, is the kind of work Plaintiffs were employed to do as a professor and as a program director. *See* <u>Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.</u>, 363 F.3d 177, 186 (2d Cir. 2004)("It is clear that preparing materials for class was the kind of work that [Plaintiff] was employed to perform as a teacher (satisfying the first prong) . . . regardless of his purported desire to publish the materials."). The Court finds that the development of a new course of academic study satisfies the first requirement of the Restatement test for a university professor and program director because such work falls "within the ultimate objective of the principal and [is] an act which is not

-23-

unlikely that such a servant might do." <u>Miller v. CP Chemicals,
Inc.</u>, 808 F. Supp. 1238, 1243 (D.S.C. 1992)(citing Restatement
(Second) of Agency § 229 cmt. b).

"When [the first] element of the Restatement test is met,
courts have tended not to grant employees authorship rights solely
on the basis that the work was done at home on off-hours." <u>Avtec</u>,
21 F.3d at 571.[9]   Thus, while "Molinelli testified that he used
spare time, including vacations and holidays, to work on the
proposal," (Docket No. 409, page 5), the time, place and manner of
the creation of the Proposal is afforded less weight when the first
element of the Restatement test has been satisfied.[10]   *See* <u>U.S. Auto
Parts Network, Inc. v. Parts Geek, LLC</u>, 2012 U.S. App. LEXIS 18505,
at *20-21 (9th Cir. Aug. 31, 2012)("when there is evidence that the
employee's creation was the 'kind of work' the employee was
employed to perform, courts have tended to put little weight on
evidence that 'the work was done at home on off-hours.'")(citing
<u>Avtec</u>, 21 F.3d at 571-72); <u>Miller</u>, 808 F. Supp. at 1244 n.7 ("When
the driving force behind the creation of the work is directly
related to a specific product of the employer and the employee's

---

[9]The <u>Avtec</u> Court cites the following cases: <u>Miller</u>, 808 F. Supp. at 1242-44 (computer program prepared at home during off-hours, without direction or extra compensation from employer held work-for-hire), appeal dismissed, No. 93-1045 (4th Cir. April 13, 1993); <u>Marshall v. Miles Lab., Inc.</u>, 647 F. Supp. 1326, 1330 (N.D. Ind. 1986) (same, regarding article written for publication in scientific journal); <u>In re Simplified Info. Sys., Inc.</u>, 89 Bankr. 538, 542 (W.D. Pa. 1988) (same, regarding computer software).

[10]At any rate, the Court further notes that, as stated in UPR's uncontroverted Statement of Uncontested Facts, (Docket No. 340, page 2), Molinelli was paid a monthly bonus and was also given a partial release of his academic load for his administrative duties as Director of the Environmental Sciences Program.

job responsibilities, and for the primary benefit of the employer, such work may be within the scope of employment."); Marshall v. Miles Laboratories, Inc., 647 F. Supp. 1326, 1330 (N.D. Ind. 1986) ("Neither case law nor the legislative history suggests that a person can avoid the 'work made for hire' doctrine merely by preparing the work during non-working hours or in a facility not controlled by the employer."); McKenna v. Lee, 318 F. Supp. 2d 296, 301 (E.D.N.C. 2002)("the fact that a work is created off-site, during non-working hours does not automatically remove the work from the scope of employment.").

Finally, Plaintiffs also object to the Magistrate Judge's scope of employment analysis on the basis that the Magistrate Judge omitted the control and skill factors.   Plaintiffs' objection is without merit.   While these are factors in a work for hire analysis, they are utilized to determine whether an employment relationship exists.   As Plaintiffs have admitted that they are employees of UPR (Docket No. 362, page 14), these factors are not relevant to the instant inquiry.   *See* Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751 (1989)("In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required . . . ."); Restatement (Second) of Agency § 220(1); *see also* Drescher v. Shatkin, 280 F.3d 201, 205 (2d Cir. 2002)("We have often applied

[the Reid] factors in deciding whether a person is an employee or a non-employee independent contractor.").

   *iii) UPR's Intellectual Property Policy*

Finally, Plaintiffs argue that even if the work for hire doctrine vests ownership of the Proposal in UPR, UPR's IP policy constitutes a valid transfer of ownership to Plaintiffs. Thus, Plaintiffs object to Magistrate Judge McGiverin's conclusion that "defendants have demonstrated a lack of evidence that the UPR IP policy alters work for hire under 17 U.S.C. § 201, and plaintiffs have not met their burden of showing a triable issue of fact on this question." (Docket No. 409, page 24).

Plaintiffs assert that the UPR's IP Policy constitutes a transfer of ownership of the Proposal as the IP Policy fulfills the Copyright Act requirements under §204(a)[11] because the IP Policy is a written instrument executed by the UPR. Therefore, Plaintiffs advance that, UPR, as the owner of the Proposal, was entitled to, and did, transfer the copyrights to Plaintiffs.

However, if the work is made for hire, as in the instant matter, the Copyright Act states that "the employer or other person for whom the work was prepared is considered the author . . . and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the

---

[11]That provision of the Copyright Act provides that "[a] transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

copyright." 17 U.S.C. § 201(b). Thus, in work for hire situations, a written instrument signed by *both* parties is required to create a valid transfer. Plaintiffs rely on the more general § 204(a), which only requires the writing to be signed by one party, the transferor; however, this reliance is misplaced as the more specific § 201(b) is the applicable provision in the work for hire context. *See* 1 Melville B. Nimmer and David Nimmer, <u>Nimmer on Copyrights</u>, §10.03[A][6], ("for the employer to transfer copyright ownership of the work for hire to the employee requires compliance with the specialized provisions of the Act [referring in a footnote to §201(b)] applicable to works for hire rather than the general provisions currently under discussion [referring in a footnote to §204(a)].")。  The IP Policy is unavailing for Plaintiffs as it is executed only by one party, UPR Defendants/the employer, and not by both UPR Defendants and Plaintiffs.

Even if the IP Policy was signed by Plaintiffs however, the policy is so broad that it would fail to constitute an express agreement whereby the employer knowingly and voluntarily consented to transfer a property right. *See* <u>Manning v. Board of Trustees</u>, 109 F. Supp. 2d 976, 981 (C.D. Ill. 2000) ("An agreement altering the statutory presumption under the Copyright Act must be express.")(citing <u>Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n</u>, 805 F.2d 663, 672 (7th Cir. 1986)); <u>Rouse v. Walter & Assocs., L.L.C.</u>, 513 F. Supp. 2d 1041, 1063-64 (S.D. Iowa 2007);

("An employee policy is insufficient to alter the statutory presumption under the Copyright Act."); Foraste v. Brown Univ., 248 F. Supp. 2d 71, 81 (D.R.I. 2003) ("The Policy [relating to copyrights] is patently inadequate to overcome the presumption of Brown's ownership under the work made for hire doctrine. "). Here, the IP Policy does not mention the Plaintiffs or the Proposal or references any type of negotiation and consideration given for the bargain of the supposed transfer. Indeed, these specifics must be lacking as the IP Policy was issued in 1993 whereas the Proposal was drafted in 2001.

As Plaintiffs have not supplied a signed agreement between UPR and Plaintiffs as required by § 201(b), nor pointed to any evidence to infer the existence of such an agreement, the Court finds that Plaintiffs' argument that UPR transferred the copyrights in the Proposal to Plaintiffs fails as a matter of law.

## C. Un-objected to Portions

After Plaintiffs' comprehensive objections, there is little left in the *Report and Recommendation* that the Court has not reviewed *de novo*. However, the Court notes briefly that it has found no plain error in the remaining portions of the Magistrate Judge's *Report and Recommendation*. Specifically, as to the third element of the Restatement test, the Court finds no plain error with the Magistrate Judge's assessment that Plaintiffs had the intent to further UPR's interest as there is uncontested evidence

that the Proposal specifically targets UPR Río Piedras; that Plaintiffs designed the Proposal with the intent to submit it to the UPR and CHE approval process; and that Plaintiffs indeed submitted the Proposal for approval.   Additionally, the Court concurs with the Magistrate's recommendation that UPR has standing to challenge Plaintiffs' authorship of the Proposal.

### V. CONCLUSION

For the reasons elucidated above, the Court determines that Magistrate Judge McGiverin's *Report and Recommendation* (Docket No. 409) contains no plain error as to the unobjected-to portions and that upon a *de novo* review of the objected-to portions, the Court reaches the same conclusions as the Magistrate.   Therefore, the Court **ADOPTS** the *Report and Recommendation* **IN TOTO** and **GRANTS** Defendants' *Motion for Summary Judgment* (Docket Nos. 336, 339 and 341).[12]   Finding no viable claims of copyright infringement, the Court hereby **DISMISSES** these causes of action **WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of September, 2012.

/s/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ

---

[12]"Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." In re San Juan Dupont Plaza Fire Litig., 989 F. 2d 36, 38 (1st Cir. 1993).   "The Court need not go further for it refuses to write 'at length to no other end than to hear its own words resonate.'"  Vega-Morales v. Commissioner of Social Security, 380 F. Supp. 2d 54, 60 (2005)(quoting Lawton v. State Mut. Life Assu. Co. of Am., 101 F. 3d 218, 220 (1st Cir. 1996).

U.S. District Judge